IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-02255-RPM

ALI SALEH KAHLAH AL-MARRI,

    Petitioner,
v.

BLAKE DAVIS, Warden, ADX-Florence,

    Defendant.

_____

ORDER DENYING RELIEF
_____

    In this habeas corpus proceeding under 28 U.S.C. § 2241, Ali Saleh Kahlah Al-Marri seeks to mitigate the perceived injustice of his confinement in civilian custody as a material witness and in military custody as an enemy combatant by asking this court to direct the Bureau of Prisons to consider that time as time served on his 100 month prison sentence for the purpose of awarding good time credits under 18 U.S.C. § 3624(b).

    Al-Marri was sentenced to a term of 100 months by Judge Michael M. Mihm in the United States District Court for the Central District of Illinois on October 29, 2009. The sentence was based on a guilty plea to the charge of Conspiracy to Provide Material Support and Resources to a Foreign Terrorist Organization (al-Qaeda) in violation of 18 U.S.C. § 2339 B(a)(1) for which the statutory maximum sentence is 180 months. The sentencing judge reduced the sentence by 71 months to reflect the time of Al-Marri's detention as a material witness from December 12, 2001, to January 27, 2002, and from June 23, 2003, to March 9, 2009, as an Enemy Combatant, on the

understanding that the Bureau of Prisons would not credit those times as prior custody under 18 U.S.C. § 3585(b).  The judge reduced the sentence by an additional nine months under Sentencing Guidelines § 5K2.1 to reflect the very severe conditions of confinement at the Naval Brig in Charleston, South Carolina, from June 23, 2003, to the late Fall of 2004.  Sentencing Memorandum, November 2, 2009.  (Doc. 6-2).

In *Barber v. Thomas,* 130 S.Ct. 2499 (2010) the Supreme Court held that the BOP correctly applied 18 U.S.C. § 3624(b) by determining eligibility for an award of credit against prison time as a record for good behavior ("good time credit") of up to 54 days per year at the end of each year, beginning at the end of the first year of the term by measuring the time the prisoner actually serves, not the term of the sentence imposed.  Thus, the credit may be earned after the first year of confinement on the sentence and after each succeeding year of time served.  Here the petitioner contends that the 71 months should be considered as time served on the 100 month sentence by including that period of time in determining the award for good time credits.

The respondent argues that the BOP cannot begin calculation of good time credits until the sentence has been imposed which began on October 29, 2009, and distinguishes prior custody credit under 18 U.S.C. § 3585(b).  The BOP is unable to evaluate the prisoner's behavior before it receives him under the sentence.

The respondent's position is correct.  The statute does not become applicable until a prisoner begins service of the sentence imposed by the court.

The petitioner makes the additional argument that these periods of confinement with no opportunity to challenge the basis for the denial of liberty is a violation of both procedural and substantive due process contrary to the Fifth Amendment to the United

States Constitution.  He challenged his military confinement by filing a petition for a writ of habeas corpus in the United States District Court for the District of South Carolina. That court's denial of relief was reversed by the Fourth Circuit Court of Appeals in an *en banc, per curiam* opinion reported at *Al-Marri v. Pucciarelli*, 534 F.3d. 213 (4th Cir. 2008).  The majority of the judges remanded to give the petitioner an opportunity to challenge his designation as an enemy combatant.  In a lengthy and persuasive concurring opinion, Judge Motz challenged the constitutional authority of the President to seize and indefinitely detain civilians by designating them as "enemy combatants."

The petition was made moot by Al-Marri's release to civilian custody to face the charges made in Illinois.  While there is some appeal to accept the invitation to address the constitutionality of that military detention in this proceeding, there is no authority for this court to grant the requested relief as what might be considered as equitable relief for an injustice.

Because the BOP's calculation of the time served on the 100 month sentence is not contrary to law, it is

ORDERED that the petition is denied and this action is dismissed.

DATED:   February 17th, 2012

                                          BY THE COURT:

                                          s/Richard P. Matsch
                                          _____
                                          Richard P. Matsch, Senior Judge